1 Gregory S. Tamkin (SBN 175009)
   *tamkin.greg@dorsey.com*
2 **DORSEY & WHITNEY LLP**
   1400 Wewatta Street, Suite 400
3 Denver, CO 80202-5549, tel. (303) 629-3400

4 Shannon L. Bjorklund (admitted *Pro Hac Vice*)
   *bjorklund.shannon@dorsey.com*
5 **DORSEY & WHITNEY LLP**
   50 South Sixth Street, Suite 1500
6 Minneapolis, MN 55402-1498, tel. (612) 340-2600

7 Maral J. Shoaei (SBN 345117)
   *shoaei.maral@dorsey.com*
8 **DORSEY & WHITNEY LLP**
   167 Hamilton Avenue, Suite 200
9 Palo Alto, CA 94301, tel. (303) 352-1146

10 Kent Schmidt (SBN 195969)
    *schmidt.kent@dorsey.com*
11 **DORSEY & WHITNEY LLP**
    600 Anton Boulevard, Suite 2000
12 Costa Mesa, CA 92626-7655, tel. (714) 800-1400

13 *Attorneys for Plaintiff*
    *Biomedical Device Consultants & Laboratories of*
14 *Colorado, LLC*

15                 **UNITED STATES DISTRICT COURT**

16               **CENTRAL DISTRICT OF CALIFORNIA**

17 | Biomedical Device Consultants & Laboratories Of Colorado, LLC | CASE NO: 2:23-CV-04291-HDV |
|---|---|
18 | *Plaintiff,* | Hon. Judge Hernán D. Vera |
19 | v. | |
20 | ViVitro Labs, Inc. | **PLAINTIFF'S NOTICE OF APPEAL** |
21 | *Defendant.* | |
22 | ViVitro Labs, Inc. | |
    | *Counterclaimant,* | |
23 | v. | |
24 | Biomedical Device Consultants & Laboratories Of Colorado, LLC | |
25 | | |
26 | *Counterclaim* *Defendant.* | |

27

28

1

**<u>NOTICE OF APPEAL</u>**

2       Notice is hereby given, pursuant to Fed. R. App. P. 3(a)(1), that Plaintiff Biomedical Device

3   Consultants & Laboratories Of Colorado, LLC appeals to the United States Court of Appeals for the

4   Federal Circuit from the Court's August 29, 2023 Order Denying Plaintiff's Motion for Preliminary

5   Injunction (Dkt. No. 91), as well as all orders subsumed within or ancillary to that Order.  *See Katz v.*

6   *Lear Siegler Inc.*, 909 F.2d 1459, 1461 (Fed. Cir. 1990). The Court of Appeals for the Federal Circuit

7   has exclusive jurisdiction over any appeal, pursuant to 28 U.S.C. § 1295(a)(1), as the Complaint in this

8   action included a claim of patent infringement under the Patent Act.

9

10      Respectfully submitted this 11th day of September, 2023.

11                                          DORSEY & WHITNEY LLP

12

13                              By */s/ Shannon L. Bjorklund*
                                        Gregory S. Tamkin
14                                      Shannon L. Bjorklund
                                        Maral J. Shoaei
15
                                        Attorneys for Plaintiff Biomedical Device
16                                      Consultants & Laboratories of Colorado, LLC

17

18

19

20

21

22

23

24

25

26

27

28

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3.


Dated: September 11, 2023.

 /s/ Shannon L. Bjorklund
INSERT NAME

(Ex),AO120,APPEAL,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:23-cv-04291-HDV-E
#### Internal Use Only

| | |
|---|---|
| Biomedical Device Consultants & Laboratories of Colorado, LLC v. Vivitro Labs, Inc. | Date Filed: 06/01/2023 |
| Assigned to: Judge Hernan D. Vera | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Charles F. Eick | Nature of Suit: 830 Patent |
| Case in other court: Colorado, 1:23-cv-00867 | Jurisdiction: Federal Question |
| Cause: 35:271 Patent Infringement | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Biomedical Device Consultants & Laboratories of Colorado, LLC** | represented by | **Kent J. Schmidt**<br>Dorsey and Whitney LLP<br>Plaza Tower<br>600 Anton Boulevard, Suite 2000<br>Costa Mesa, CA 92626<br>714-800-1445<br>Fax: 714-464-4507<br>Email: schmidt.kent@dorsey.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Maral J. Shoaei**<br>Dorsey and Whitney<br>167 Hamilton Avenue, Suite 200<br>Palo Alto, CA 94301<br>650-857-1717<br>Fax: 650-618-1913<br>Email: shoaei.maral@dorsey.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Shannon L. Bjorklund**<br>Dorsey and Whitney LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402-1498<br>612-492-6636<br>Fax: 612-340-2868<br>Email: bjorklund.shannon@dorsey.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gregory S Tamkin**<br>Dorsey & Whitney LLP<br>1400 Wewatta Street Suite 400<br>Denver, CO 80202-5549 |

                                      303-629-3400
Fax: 303-629-3450
Email: tamkin.greg@dorsey.com
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Vivitro Labs, Inc.**            represented by    **Jeffrey H. Grant**
Fox Rothschild LLP
10250 Constellation Boulevard Suite 900
Los Angeles, CA 90067
310-598-4150
Fax: 310-556-9828
Email: jgrant@foxrothschild.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                            **John W. Harbin**
Meunier Carlin and Cufman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
404-645-7700
Fax: 404-645-7707
Email: jharbin@mcciplaw.com
*ATTORNEY TO BE NOTICED*

                                            **Warren J. Thomas**
Meunier Carlin and Cufman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
404-645-7700
Fax: 404-645-7707
Email: wthomas@mcciplaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Vivitro Labs, Inc.**            represented by    **Jeffrey H. Grant**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                            **John W. Harbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                            **Warren J. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Biomedical Device Consultants &<br>Laboratories of Colorado, LLC** | represented by | **Kent J. Schmidt**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Maral J. Shoaei**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Shannon L. Bjorklund**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Gregory S Tamkin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2023 | 1 | COMPLAINT *and Jury Demand* against VIVITRO LABS, INC. (Filing fee $ 402,Receipt Number ACODC-9035685)Attorney Gregory Scot Tamkin added to party BIOMEDICAL DEVICE CONSULTANTS & LABORATORIES OF COLORADO, LLC(pty:pla), filed by BIOMEDICAL DEVICE CONSULTANTS & LABORATORIES OF COLORADO, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet, # 6 Summons, # 7 PLAINTIFFS CORPORATE DISCLOSURE STATEMENT) (Tamkin, Gregory) [Transferred from Colorado on 6/7/2023.] (Entered: 04/07/2023) |
| 04/07/2023 | 2 | Case assigned to Magistrate Judge S. Kato Crews. Text Only Entry (norlin, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/07/2023) |
| 04/07/2023 | 3 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (norlin, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/07/2023) |
| 04/07/2023 | 4 | Administrative Notice: Notice to filer of non-compliance with Patent, Trademark, or Copyright Action case opening procedures. It is the responsibility of the attorney or pro se party commencing the action to follow Local Rule D.C.COLO.LCivR 3.1. Please file a properly completed Report form, which can be found on the courts website. (norlin, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/07/2023) |
| 04/10/2023 | 5 | NOTICE of Entry of Appearance by Maral Shoaei on behalf of Biomedical Device Consultants & Laboratories of Colorado, LLCAttorney Maral Shoaei added to party Biomedical Device Consultants & Laboratories of Colorado, LLC(pty:pla) (Shoaei, Maral) [Transferred from Colorado on 6/7/2023.] (Entered: 04/10/2023) |

| 04/10/2023 | 6 | NOTICE re 4 Administrative Notice, *REPORT ON THE FILING OR DETERMINATION OF AN ACTION EREGARDING A PATENT OT TRADEMARK* by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC (Shoaei, Maral) [Transferred from Colorado on 6/7/2023.] (Entered: 04/10/2023) |
|---|---|---|
| 04/10/2023 | 7 | NOTICE of Entry of Appearance by Shannon L. Bjorklund on behalf of Biomedical Device Consultants & Laboratories of Colorado, LLCAttorney Shannon L. Bjorklund added to party Biomedical Device Consultants & Laboratories of Colorado, LLC(pty:pla) (Bjorklund, Shannon) [Transferred from Colorado on 6/7/2023.] (Entered: 04/10/2023) |
| 04/10/2023 | 🔒 | (Court only) ***Set Flag(s): AO120 (jtil) (Entered: 06/14/2023) |
| 04/12/2023 | 8 | MOTION for Preliminary Injunction by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Decaration of Craig Weinberg in Support of Motion for Preliminary Injunction, # 2 Decaration of Michael Girard in Support of Motion for Preliminary Injunction)(Tamkin, Gregory) [Transferred from Colorado on 6/7/2023.] (Entered: 04/12/2023) |
| 04/13/2023 | 9 | CASE REASSIGNED pursuant to D.C.COLO.LCivR 40.1(c)(2)(a) re 8 MOTION for Preliminary Injunction. This case is randomly reassigned to Chief Judge Philip A. Brimmer. All future pleadings should be designated as 23-cv-00867-PAB. (Text Only Entry) (csarr, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/13/2023) |
| 04/13/2023 | 10 | ORDER TRANSFERRING CASE by Chief Judge Philip A. Brimmer on 4/13/2023. **ORDERED** that, pursuant to D.C.COLO.LCivR 40.1(a), this case is transferred to Senior Judge John L. Kane. All future pleadings should be designated as **23-cv-00867-JLK**. (jtorr, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/13/2023) |
| 04/19/2023 | 11 | ORDER Setting Preliminary Injunction Hearing and Briefing Schedule. A hearing on Plaintiff's Motion for Preliminary Injunction is set for June 6, 2023, and June 7, 2023, beginning at 9:30 a.m. on both days. The parties are DIRECTED to file their Witness and Exhibit Lists for the hearing on or before June 1, 2023. The parties should review my Pretrial and Trial Procedures Memorandum Civil, available on the court's website at http://www.cod.uscourts.gov/JudicialOfficers/SeniorArticleIIIJudges/HonJohnLKane.aspx. Counsel are expected to attend the hearing in person. The parties should note on their Witness Lists whether it is anticipated any witness will testify via video teleconferencing. Plaintiff's counsel is DIRECTED to provide Defendant with a copy of this Order. ORDERED by Judge John L. Kane on 4/19/2023. (angar, ) [Transferred from Colorado on 6/7/2023.] (Entered: 04/19/2023) |
| 04/20/2023 | 12 | NOTICE of Entry of Appearance *for Defendant* by Warren J. Thomas on behalf of Vivitro Labs, Inc.Attorney Warren J. Thomas added to party Vivitro Labs, Inc.(pty:dft) (Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 04/20/2023) |
| 04/27/2023 | 13 | NOTICE of Entry of Appearance by Carolyn J. Fairless on behalf of Vivitro Labs, Inc.Attorney Carolyn J. Fairless added to party Vivitro Labs, Inc.(pty:dft) (Fairless, Carolyn) [Transferred from Colorado on 6/7/2023.] (Entered: |

| | | |
|---|---|---|
| | | 04/27/2023) |
| 04/27/2023 | 14 | NOTICE of Entry of Appearance by Jacob A. Rey on behalf of Vivitro Labs, Inc.Attorney Jacob A. Rey added to party Vivitro Labs, Inc.(pty:dft) (Rey, Jacob) [Transferred from Colorado on 6/7/2023.] (Entered: 04/27/2023) |
| 04/28/2023 | 15 | MINUTE ORDER. Defendant ViVitro Labs, Inc. has notified the Court that it requires expedited resolution of a discovery dispute pertinent to the Motion for Preliminary Injunction filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. Accordingly, Defendant is DIRECTED to file its related motion on or before Monday, May 1, 2023. Plaintiff is DIRECTED to file its Response to any motion filed by Defendant on or before Thursday, May 4, 2023. And any Reply is due Friday, May 5, 2023. Ordered by Judge John L. Kane on 4/28/2023. Text Only Entry (jlksec) [Transferred from Colorado on 6/7/2023.] (Entered: 04/28/2023) |
| 05/01/2023 | 16 | MOTION for Discovery *Limited and Expedited* by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/01/2023) |
| 05/01/2023 | 17 | Exhibits in Support of 16 MOTION for Discovery *Limited and Expedited Exhibits 1-4* by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Exhibit Exhibit 2, # 2 Exhibit Exhibit 3, # 3 Exhibit Exhibit 4)(Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/01/2023) |
| 05/04/2023 | 18 | RESPONSE to 16 MOTION for Discovery *Limited and Expedited* filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Tamkin, Gregory) [Transferred from Colorado on 6/7/2023.] (Entered: 05/04/2023) |
| 05/05/2023 | 19 | NOTICE of Entry of Appearance *for Defendant* by John W. Harbin on behalf of Vivitro Labs, Inc.Attorney John W. Harbin added to party Vivitro Labs, Inc.(pty:dft) (Harbin, John) [Transferred from Colorado on 6/7/2023.] (Entered: 05/05/2023) |
| 05/05/2023 | 20 | MOTION to Dismiss for Lack of Jurisdiction by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Exhibit 1 - Mouneimne Declaration, # 2 Proposed Order (PDF Only))(Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/05/2023) |
| 05/05/2023 | 21 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Starfish Holdings Inc., of Canada. for Vivitro Labs, Inc.. (Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/05/2023) |
| 05/05/2023 | 22 | REPLY to Response to 16 MOTION for Discovery *Limited and Expedited* filed by Defendant Vivitro Labs, Inc.. (Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/05/2023) |
| 05/09/2023 | 23 | ORDER GRANTING DEFENDANT'S MOTION FOR LIMITED EXPEDITED DISCOVERY (ECF NO. 16 ). BDC is DIRECTED to produce the settlement agreement in question on or before Friday, May 12, 2023. The agreement may be produced with the designation "outside attorney' eyes only" and shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever. Any pleadings or briefs quoting or discussing the specific terms of the agreement may be maintained as restricted filings in this action upon motion |

| | | | |
|---|---|---|---|
| | | | seeking to restrict the documents in accordance with the requirements of D.C.COLO.LCivR 7.2. ORDERED by Judge John L. Kane on 5/9/2023.(angar, ) [Transferred from Colorado on 6/7/2023.] (Entered: 05/09/2023) |
| 05/16/2023 | 🔒 | 24 | RESTRICTED DOCUMENT - Level 1 - Defendant Vivitro's Opposition To BDC's Motion For Preliminary Injunction [ECF NO. 8 ] : by Defendant Vivitro Labs, Inc.(Attachments: # 1 Exhibit 1 - Mouneimne Declaration, # 2 Exhibit 2 - Dasi Declaration, # 3 Exhibit 3 - Xi et al. Patent, # 4 Exhibit 4 - Lu et al. 2003, # 5 Exhibit 5 - Dynatek M6 Manual, # 6 Exhibit 6 - Sponseller et al. Patent, # 7 Exhibit 7 - Patent Owner Preliminary Response, # 8 Exhibit 8 - VIVITRO_000001 - 04, # 9 Exhibit 9 - Settlement Agreement, # 10 Exhibit 10 - June 17 2015 Office Action, # 11 Exhibit 11 - Rousseau et al. 1984, # 12 Exhibit 12 - Dasi CV, # 13 Exhibit 13 - BDC Labs Test Equipment)(Thomas, Warren) Modified on 5/17/2023 to add title (angar, ). [Transferred from Colorado on 6/7/2023.] (Entered: 05/16/2023) |
| 05/19/2023 | | 25 | RESPONSE to 20 MOTION to Dismiss for Lack of Jurisdiction filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Tamkin, Gregory) [Transferred from Colorado on 6/7/2023.] (Entered: 05/19/2023) |
| 05/23/2023 | 🔒 | 26 | RESTRICTED DOCUMENT - Level 1 - Reply in Support of Motion for Preliminary Injunction : by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC.. (Attachments: # 1 Supp Declaration of Michael Girard in Support of Motion for Preliminary Injunction)(Tamkin, Gregory) Modified on 5/24/2023 to add title (angar, ). [Transferred from Colorado on 6/7/2023.] (Entered: 05/23/2023) |
| 05/24/2023 | | 27 | REPLY to Response to 20 MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Vivitro Labs, Inc.. (Thomas, Warren) [Transferred from Colorado on 6/7/2023.] (Entered: 05/24/2023) |
| 05/29/2023 | | 28 | ORDER granting in part 20 ViVitro's Motion to Dismiss for Lack of Personal Jurisdiction. I find that this Court lacks personal jurisdiction over ViVitro. Considering the interests of justice and my determination that ViVitro would have been subject to personal jurisdiction in California when this case was filed, transfer of this case to the United States District Court for the Central District of California is warranted. The Clerk of the Court is DIRECTED to transfer this case to that court. The June 6 and June 7, 2023, hearing dates in this matter are VACATED. Ordered by Judge John L. Kane on 5/29/2023. Text Only Entry(jlksec) [Transferred from Colorado on 6/7/2023.] (Entered: 05/29/2023) |
| 06/01/2023 | 🔒 | 29 | ORIGINAL file, certified copy of transfer order and docket sheet received from Colorado (Entered: 06/07/2023) |
| 06/07/2023 | | 30 | NOTICE OF RECEIPT OF CASE TRANSFERRED IN: Formerly Case Number: 1:23-cv-00867, from U.S. District Court - District of Colorado District of Colorado, Denver. The above-referenced case has been transferred to this district and assigned the above civil case number 2:23-cv-04291 RGK (Ex). (jtil) (Entered: 06/07/2023) |
| 06/07/2023 | 🔒 | | (Court only) ***Set Flag(s): (Ex); DISCOVERY (jtil) (Entered: 06/07/2023) |
| 06/07/2023 | | 31 | NOTICE OF ASSIGNMENT to District Judge R. Gary Klausner and Magistrate Judge Charles F. Eick. (jtil) (Entered: 06/07/2023) |

| 06/07/2023 | 32 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 06/07/2023) |
|---|---|---|
| 06/07/2023 | 33 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (jtil) (Entered: 06/07/2023) |
| 06/07/2023 | 34 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Shannon L. Bjorklund. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/07/2023) |
| 06/07/2023 | 35 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Maral J. Shoaei. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/07/2023) |
| 06/08/2023 | 36 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Carolyn J. Fairless. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/08/2023) |

| 06/08/2023 | 37 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Jacob A. Rey. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/08/2023) |
| 06/08/2023 | 38 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney John W. Harbin. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/08/2023) |
| 06/08/2023 | 39 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Warren J. Thomas. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (jtil) (Entered: 06/08/2023) |
| 06/13/2023 | 40 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge R. Gary Klausner. (jre) (Entered: 06/13/2023) |
| 06/13/2023 | 41 | ORDER SETTING SCHEDULING CONFERENCE by Judge R. Gary Klausner. Rule 26 Meeting Report due by 7/10/2023. Scheduling Conference set for 7/17/2023 at 09:00 AM before Judge R. Gary Klausner. (jre) (Entered: 06/13/2023) |
| 06/13/2023 | 42 | MINUTE (IN CHAMBERS) Order to Show Cause re Dismissal for Lack of Prosecution by Judge R. Gary Klausner: The court, on its own motion, orders plaintiff(s) to show cause in writing by 6/20/2023, why this action should not be dismissed for lack of prosecution as to Defendant Vivitro Labs, Inc. See document for further information. (jp) (Entered: 06/13/2023) |
| 06/14/2023 | 43 | APPLICATION of Non-Resident Attorney Shannon L. Bjorklund to Appear Pro Hac Vice on behalf of Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC- |

| | | |
|---|---|---|
| | | 35494254) filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Proposed Order on Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice) (Attorney Kent J. Schmidt added to party Biomedical Device Consultants & Laboratories of Colorado, LLC(pty:pla)) (Schmidt, Kent) (Entered: 06/14/2023) |
| 06/14/2023 | 44 | APPLICATION of Non-Resident Attorney John W. Harbin to Appear Pro Hac Vice on behalf of Defendant Vivitro Labs, Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-35494731) filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Proposed Order) (Attorney Jeffrey H. Grant added to party Vivitro Labs, Inc(pty:dft)) (Grant, Jeffrey) (Entered: 06/14/2023) |
| 06/14/2023 | 45 | APPLICATION of Non-Resident Attorney Warren J. Thomas to Appear Pro Hac Vice on behalf of Defendant Vivitro Labs, Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-35494934) filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Proposed Order) (Grant, Jeffrey) (Entered: 06/14/2023) |
| 06/14/2023 | 🔒 | (Court only) ***Attorney Shannon L. Bjorklund for Biomedical Device Consultants & Laboratories of Colorado, LLC. John W. Harbin and Warren J. Thomas for Vivitro Labs, Inc. added. (lt) (Entered: 06/15/2023) |
| 06/15/2023 | 46 | ANSWER to COMPLAINT - event converted from ICMS,, 1 JURY DEMAND. *[and Counterclaims]* filed by Defendant Vivitro Labs, Inc..(Grant, Jeffrey) (Entered: 06/15/2023) |
| 06/15/2023 | 47 | NOTICE of Interested Parties filed by Defendant Vivitro Labs, Inc., identifying Starfish Holdings Inc., of Canada. (Grant, Jeffrey) (Entered: 06/15/2023) |
| 06/15/2023 | 48 | SCHEDULING NOTICE TO ALL PARTIES AND ORDER (IN CHAMBERS) by Judge R. Gary Klausner: The Order to Show Cause 42 issued on 6/13/2023 is hereby discharged. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jre) TEXT ONLY ENTRY (Entered: 06/15/2023) |
| 06/15/2023 | | [DUPLICATIVELY ANSWER to Complaint 46 ] and COUNTERCLAIM against Biomedical Device Consultants and Laboratories of Colorado, LLC., filed by Counter Claimant Vivitro Labs, Inc. (jp) (Entered: 06/21/2023) |
| 06/16/2023 | 49 | ORDER by Judge R. Gary Klausner GRANTING 43 Non-Resident Attorney Shannon L Bjorklund APPLICATION to Appear Pro Hac Vice on behalf of Plaintiff Biomedical Device Consultants and Laboratories of Colorado, LLC, designating Kent J Schmidt as local counsel. (jp) (Entered: 06/16/2023) |
| 06/16/2023 | 50 | ORDER by Judge R. Gary Klausner GRANTING 44 Non-Resident Attorney John W Harbin APPLICATION to Appear Pro Hac Vice on behalf of Defendant Vivitro Labs, Inc., designating Jeff Grant as local counsel. (jp) (Entered: 06/16/2023) |
| 06/16/2023 | 51 | ORDER by Judge R. Gary Klausner GRANTING 45 Non-Resident Attorney Warren J Thomas APPLICATION to Appear Pro Hac Vice on behalf of Defendant Vivitro Labs, Inc., designating Jeff Grant as local counsel. (jp) (Entered: 06/16/2023) |
| 06/21/2023 | 52 | Joint NOTICE OF MOTION AND MOTION to Exceed Page Limitation THE PARTIES BRIEFING ON PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION AND MODIFY FORMATTING REQUIREMENTS TO ALLOW SUBMISSION OF PRIOR BRIEFING filed by Plaintiff Biomedical |

| | | |
|---|---|---|
| | | Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Proposed Order) (Shoaei, Maral) (Entered: 06/21/2023) |
| 06/23/2023 | 53 | ORDER DENYING JOINT MOTION TO EXCEED PAGE LIMITATIONS REGARDING THE PARTIES' BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MODIFY FORMATTING REQUIREMENTS TO ALLOW SUBMISSION OF PRIOR BRIEFING 52 by Judge R. Gary Klausner. (lom) (Entered: 06/23/2023) |
| 06/23/2023 | 54 | RESPONSE filed by Pro Hac Vice attorney Jacob A. Rey on behalf of Counter Claimant Vivitro Labs, Inc., Defendant Vivitro Labs, Inc.. RE: Notice of Filing Fee Due. PHV fee n/a. Attorney will not be appearing as attorney of record on this case and will be removed pursuant to G109 Notice. (lt) (Entered: 06/23/2023) |
| 06/23/2023 | 55 | RESPONSE filed by Pro Hac Vice attorney Carolyn J. Fairless on behalf of Counter Claimant Vivitro Labs, Inc., Defendant Vivitro Labs, Inc.. RE: Notice of Filing Fee Due. PHV fee n/a. Attorney will not be appearing as attorney of record on this case and will be removed pursuant to G109 Notice. (lt) (Entered: 06/23/2023) |
| 06/23/2023 | 56 | RESPONSE filed by Pro Hac Vice attorney Maral J. Shoaei on behalf of Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, RE: Notice of Filing Fee Due. PHV fee n/a. Attorney is a licensed California attorney, CSB 345117, admitted to this Court on 6/16/23, is active and in good standing. (lt) (Entered: 06/23/2023) |
| 06/26/2023 | 57 | APPLICATION to file document *Exhibit to Declaration and Memorandum in Support of Motion for Preliminary Injunction* under seal filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Proposed Order, # 2 Redacted Document Exhibit F-1, # 3 Redacted Document Exhibit I-1)(Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 🔒 58 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibit to Declaration and Memorandum in Support of Motion for Preliminary Injunction* under seal 57 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Unredacted Document Exhibit F-2, # 2 Unredacted Document Exhibit I-2)(Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 59 | NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. Motion set for hearing on 7/24/2023 at 09:00 AM before Judge R. Gary Klausner. (Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 60 | MEMORANDUM in Support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 59 *REDACTED* filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 61 | DECLARATION of Craig Weinberg, Ph.D. in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 59 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit |

| | | |
|---|---|---|
| | | 3)(Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 62 | DECLARATION of Michael Girard in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 59 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F - REDACTED, # 7 Exhibit G, # 8 Exhibit H)(Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/26/2023 | 63 | Corrected NOTICE OF MOTION AND MOTION for Preliminary Injunction re Infringement of U.S. Patent No. 9,237,935 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. Motion set for hearing on 7/24/2023 at 09:00 AM before Judge R. Gary Klausner. (Attachments: # 1 Proposed Order) (Tamkin, Gregory) (Entered: 06/26/2023) |
| 06/27/2023 | 64 | ORDER OF THE CHIEF JUDGE (#23-090 Amending Order 23-074) approved by Judge Philip S. Gutierrez. IT IS HEREBY ORDERED that 2:23-cv-04291-RGK-Ex, Biomedical Device Consultants & Laboratories of Colorado, LLC v. Vivitro Labs, Inc. be transferred from the calendar of Judge R. Gary Klausner to the calendar of Judge Hernan D. Vera for all further proceedings. On all documents subsequently filed in the case, please substitute the Judge initials HDV after the case number in place of the initials of the prior Judge. (aco) (Entered: 06/27/2023) |
| 06/28/2023 | 65 | REASSIGNMENT ORDER by Judge Hernan D. Vera. (lom) (Entered: 06/28/2023) |
| 06/28/2023 | 🔒 | (Court only) ***Terminated all deadlines and hearings. (lom) (Entered: 06/28/2023) |
| 06/28/2023 | 66 | ORDER GRANTING APPLICATION FOR LEAVE TO FILE UNDER SEAL RELATING TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION 57 by Judge Hernan D. Vera. Plaintiff's Application for Leave to File Under Seal Relating to Plaintiff's Motion for Primary Injunction is GRANTED as follows. The following information is properly submitted under seal: Exhibit F-1, Exhibit I-1. See order for details. (lom) (Entered: 06/29/2023) |
| 06/30/2023 | 🔒 67 | SEALED DOCUMENT *SEALED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION pursuant to* re Order on Motion for Leave to File Document Under Seal, 66 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, Counter Defendant Biomedical Device Consultants & Laboratories of Colorado, LLC.(Tamkin, Gregory) (Entered: 06/30/2023) |
| 06/30/2023 | 🔒 68 | SEALED DOCUMENT *SEALED EXHIBIT F* re Declaration (Motion related), 62 , Order on Motion for Leave to File Document Under Seal, 66 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, Counter Defendant Biomedical Device Consultants & Laboratories of Colorado, LLC.(Tamkin, Gregory) (Entered: 06/30/2023) |
| 07/03/2023 | 69 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Sealed Document 68 . The following error(s) was/were found: Local Rule 11-3.8 title page is missing, incomplete, or incorrect. Other error(s) with document(s): Missing filer's information, caption, etc. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the |

| | | |
|---|---|---|
| | | document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 07/03/2023) |
| 07/05/2023 | 70 | EX PARTE APPLICATION to Expedite Hearing Date , EX PARTE APPLICATION for Hearing for Pending Motion for Preliminary Injunction, re Declaration (Motion related), 62 , Memorandum in Support of Motion, 60 , NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 59 , Corrected NOTICE OF MOTION AND MOTION for Preliminary Injunction re Infringement of U.S. Patent No. 9,237,935 63 , Order on Motion for Leave to File Document Under Seal, 66 , Declaration (Motion related), 61 , filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 DECLARATION OF GREGORY S. TAMKIN, # 2 EXHIBIT A to DECLARATION OF GREGORY S. TAMKIN, # 3 [PROPOSED] ORDER GRANTING PLAINTIFFS EX PARTE APPLICATION FOR EXPEDITED HEARING DATE FOR PENDING MOTION FOR PRELIMINARY INJUNCTION) (Tamkin, Gregory) (Entered: 07/05/2023) |
| 07/06/2023 | 71 | STRICKEN, see docket entry no. 78 - *PLAINTIFF'S REPLY/* ANSWER to Counterclaim filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC.(Tamkin, Gregory) Modified on 7/14/2023 (lom). (Entered: 07/06/2023) |
| 07/06/2023 | 72 | MINUTES (IN CHAMBERS) PLAINTIFF'S EX PARTE APPLICATION 70 by Judge Hernan D. Vera. For good cause shown, the Court hereby GRANTS Plaintiff's Ex Parte Application for Expedited Hearing Date for Pending Motion for Preliminary Injunction. The following modified briefing and hearing schedule will apply: Plaintiff's moving papers and supporting materials (Dkt. 59-63) will be considered as filed on June 26, 2023; Defendant's opposition and supporting evidentiary materials shall be filed no later than July 20, 2023; Plaintiff's reply shall be filed no later than August 3, 2023; The Court will hear oral argument (but will not conduct an in-person evidentiary hearing) on August 17, at 1:30 p.m., in Courtroom 5B of the United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012. (lom) (Entered: 07/06/2023) |
| 07/06/2023 | 🔒 | (Court only) ***Set hearings re Motion re MINUTES (IN CHAMBERS) PLAINTIFF'S EX PARTE APPLICATION 70 by Judge Hernan D. Vera. 72 . Motion set for hearing on 8/17/2023 at 01:30 PM before Judge Hernan D. Vera. (lom) (Entered: 07/06/2023) |
| 07/09/2023 | 73 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Answer to Counterclaim 71 . The following error(s) was/were found: Local Rule 11-3.8 title page is missing, incomplete, or incorrect. Other error(s) with document(s): The counterclaim parties are missing from the caption on the title page. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 07/09/2023) |
| 07/10/2023 | 74 | STRICKEN, see docket entry no. 78 - *Plaintiff/Counterclaim Defendant's Corrected Reply/* ANSWER to Counterclaim filed by Plaintiff and Counterclaim Defendant Biomedical Device Consultants & Laboratories of Colorado, |

|  |  | LLC.(Tamkin, Gregory) Modified on 7/14/2023 (lom). (Entered: 07/10/2023) |
|---|---|---|
| 07/13/2023 | 75 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 7 days, filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, Counter Defendant Biomedical Device Consultants & Laboratories of Colorado, LLC.. (Tamkin, Gregory) (Entered: 07/13/2023) |
| 07/13/2023 | 76 | STATEMENT Joint - re Case Management filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, Counter Defendant Biomedical Device Consultants & Laboratories of Colorado, LLC -*In accordance with/* re: Order 65 . (Tamkin, Gregory) (Entered: 07/13/2023) |
| 07/14/2023 | 77 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Answer to Counterclaim 74 . The following error(s) was/were found: Counterclaim parties should be separate caption from plaintiff and defendants caption on the title page. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) Modified on 7/14/2023 (lom). (Entered: 07/14/2023) |
| 07/14/2023 | 78 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENT(S) by Judge Hernan D. Vera: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: Plaintiff's Reply to Counter-Claims 71 , Plaintiff's Corrected Reply to Counter-Claims 74 , for the following reasons: Local Rule 11-3.8 title page incorrect. See FRCP 10 as well. Counterclaim parties must be listed on the caption page. (lom) Modified on 7/14/2023 (lom). (Entered: 07/14/2023) |
| 07/20/2023 | 79 | *2nd CORRECTED REPLY/* ANSWER to Counterclaim filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC.(Tamkin, Gregory) (Entered: 07/20/2023) |
| 07/20/2023 | 80 | Defendant ViVitro Labs Inc's Redacted Response in Opposition to re: Corrected NOTICE OF MOTION AND MOTION for Preliminary Injunction re Infringement of U.S. Patent No. 9,237,935 63 filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Redacted Declaration Exhibit 1 - Mouneimn Declaration, # 2 Exhibit 2 - Dasi Declaration, # 3 Exhibit 3 - Xi et al. Patent, # 4 Exhibit 4 - Lu et al. 2003, # 5 Exhibit 5 - Dynatek M6 Manual, # 6 Exhibit 6 - Sponseller et al. Patent, # 7 Exhibit 7 - Patent Owner Preliminary Response, # 8 Redacted Document Exhibit 8 - VIVITRO_000001 - 04, # 9 Exhibit 9 - Settlement Agreement, # 10 Exhibit 10 - June 17 2015 Office Action, # 11 Exhibit 11 - Rousseau et al. 1984, # 12 Exhibit 12 - Dasi CV, # 13 Exhibit 13 - BDC Labs Test Equipment)(Thomas, Warren) (Entered: 07/20/2023) |
| 07/20/2023 | 81 | APPLICATION to file document *(Defendant's Opposition and Exhibits 1, 8, and 9 in support of the same)* under seal filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document ViVitro's Opposition to Plaintiff's Motion for Preliminary Injunction, # 3 Redacted Document Exhibit 1 - Karim Declaration, # 4 Redacted Document Exhibit 8 - ViVitro 01-04) (Thomas, Warren) (Entered: 07/20/2023) |
| 07/20/2023 | 🔒 82 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(Defendant's Opposition and Exhibits 1, 8, and 9 in support of the same)* under |

| | | | |
|---|---|---|---|
| | | | seal 81 filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Unredacted Document Declaration of Warren Thomas)(Thomas, Warren) (Entered: 07/20/2023) |
| 07/20/2023 | 🔒 | 83 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(Defendant's Opposition and Exhibits 1, 8, and 9 in support of the same)* under seal 81 filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Unredacted Document ViVitro's Opposition, # 2 Unredacted Document Exhibit 1, # 3 Unredacted Document Exhibit 8, # 4 Unredacted Document Exhibit 9)(Thomas, Warren) (Entered: 07/20/2023) |
| 07/21/2023 | | 84 | NOTICE OF ERRATA filed by Defendant Vivitro Labs, Inc.. correcting Sealed Declaration in SupportDeclaration, 82 (Thomas, Warren) (Entered: 07/21/2023) |
| 07/24/2023 | | 85 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Errata 84 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. Other error(s) with document(s): Any request should be in pleading format with [prop] Order attached and/or a separate filing of Notice of Lodging document and attached the [Prop] Order as a second attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 07/24/2023) |
| 07/25/2023 | | 86 | ORDER GRANTING DEFENDANT'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXHIBITS 1, 8, AND 9 81 by Judge Hernan D. Vera. Compelling reason and good cause appearing, the following documents shall be filed under seal. See order for further details. (lom) (Entered: 07/26/2023) |
| 07/26/2023 | | 87 | CIVIL STANDING ORDER by Judge Hernan D. Vera. (cbr) (Entered: 07/26/2023) |
| 07/26/2023 | 🔒 | 88 | SEALED OPPOSITION RE Corrected NOTICE OF MOTION AND MOTION for Preliminary Injunction re Infringement of U.S. Patent No. 9,237,935 63 , Order on Motion for Leave to File Document Under Seal, 86 filed by Defendant Vivitro Labs, Inc.. (Attachments: # 1 Unredacted Document Ex. 1 (SEALED), # 2 Unredacted Document Ex. 8 (SEALED), # 3 Unredacted Document Ex. 9 (SEALED))(Thomas, Warren) (Entered: 07/26/2023) |
| 08/03/2023 | | 89 | REPLY In Support NOTICE OF MOTION AND MOTION for Preliminary Injunction re infringement of U.S. Patent No. 9,237,935 59 filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC, Counter Defendant Biomedical Device Consultants & Laboratories of Colorado, LLC. (Attachments: # 1 DECLARATION OF GREGORY S. TAMKIN IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION, # 2 EXHIBIT 1 to DECLARATION OF GREGORY S. TAMKIN IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION)(Tamkin, Gregory) (Entered: 08/03/2023) |

| 08/17/2023 | 90 | MINUTES OF PLAINTIFF'S MOTION AND CORRECTED MOTION FOR PRELIMINARY INJUNCTION [59 63 held before Judge Hernan D. Vera. The Court hears oral argument on the motion and takes it under submission. Court Reporter: Miriam Baird. (lom) (Entered: 08/20/2023) |
| 08/29/2023 | 91 | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION 59 63 by Judge Hernan D. Vera. In summary, BDC has failed to show a likelihood of success on the merits in terms of infringement, and Vivitro has raised additional (and substantial) questions regarding the validity of Plaintiff's underlying patent. For all of these reasons, Plaintiff's motion is denied. (lom) (Entered: 08/29/2023) |
| 09/06/2023 | 🔒 92 | TRANSCRIPT for proceedings held on 8/17/23. Court Reporter/Electronic Court Recorder: miriam baird, phone number mvb11893@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/27/2023. Redacted Transcript Deadline set for 10/10/2023. Release of Transcript Restriction set for 12/5/2023. (Baird, Miriam) (Entered: 09/06/2023) |
| 09/06/2023 | 93 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8/17/23 re Transcript 92 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Baird, Miriam) TEXT ONLY ENTRY (Entered: 09/06/2023) |
| 09/11/2023 | 94 | NOTICE OF APPEAL to the Federal Circuit Court of Appeals filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC. Appeal of Order on Motion for Preliminary Injunction,,, 91 . (Appeal Fee - $505 Fee Paid, Receipt No. ACACDC-36015377.) (Bjorklund, Shannon) (Entered: 09/11/2023) |
| 09/12/2023 | | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal to Federal Circuit Court of Appeals, 94 (mat) (Entered: 09/12/2023) |

I hereby attest and certify on __9/12/23__ that the foregoing document is full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10
                                              Case No. 2:23-CV-04291-HDV
11   **BIOMEDICAL DEVICE CONSULTANTS**
     **& LABORATORIES OF COLORADO,**
12   **LLC,**
                                              **ORDER DENYING PLAINTIFF'S**
13              Plaintiff,                     **MOTION FOR PRELIMINARY**
                                              **INJUNCTION**
14   v.

15
16   **VIVITRO LABS, INC.,**

17              Defendant.

18
19
20
21
22
23
24
25
26
27
28

I.   **INTRODUCTION**

Before the Court is a motion for a preliminary injunction filed by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC"), seeking to enjoin Defendant Vivitro Labs, Inc. ("Vivitro") from offering its ADV Heart Valve Durability Tester device ("Motion") [Dkt. No. 60].  BDC contends Vivitro's disputed device infringes on one of its patents, U.S. Patent No. 9,237,935 ("'935 Patent") [Dkt. No. 1-1, Exh. A].  Vivitro filed a response on July 20, 2023.  Opposition to Plaintiff's Motion for Preliminary Injunction ("Opp.") [Dkt. No. 80].  And on August 3, 2023, BDC filed its reply.  Reply Memorandum in Support of Motion for Preliminary Injunction ("Reply") [Dkt. No. 89].  The Court held oral argument on the Motion on August 17, 2023, and took the matter under submission.

For the reasons discussed below, the Court **DENIES** the motion for preliminary injunction. BDC has not shown a likelihood of success on the merits because it has failed to make a "clear showing" that Vivitro likely infringed based on the claim language and evidence presented. Moreover, Vivitro has raised substantial questions regarding the patent's validity in light of prior art.

II.   **BACKGROUND**

Both BDC and Vivitro manufacture heart valve durability testers.  *See* Motion at 1.  The patent at issue, the '935 Patent, entitled, "Fatigue Testing System for Prosthetic Devices," was issued to BDC on January 19, 2016.  Complaint ("Compl.") ¶ 27 [Dkt. No. 1].  BDC incorporated this technology into its VDT-3600i, which tests the durability of prosthetic heart valves and launched "around 2010," according to its former CEO.  Declaration of Craig Weinberg ("Weinberg Decl.") ¶ 11 [Dkt. No. 61].  The VDT-3600i is the company's "highest-revenue generating product," and sells for between $75,000 and $85,000 each.  Weinberg Decl. ¶ 20, Motion at 14.  The '935 Patent allows the VDT-3600i to rapidly test prosthetic heart equipment many times faster than a human heart, while still "closely approximating human physiology."  *Id.* at 2.  This innovation is done through an "excess volume area" that mitigates pressure spikes, thus reducing testing malfunctions.  *Id.*  Claim 1 of the '935 Patent, discloses:

A device for accelerated cyclic testing of a valved prosthetic device comprising … an excess volume area capable of operating at the accelerated pulsed rate, wherein the

2

1    excess volume area is in fluid communication with the fluid return chamber providing

2    a volume for storing a volume of a test system fluid when the test system fluid is

3    under compression.

4    '935 Patent at 17:29–50.

5         Vivitro is alleged to have infringed on the '935 Patent through its ADV Heart Valve

6    Durability Tester, a competitive test system.  Motion at 4.  BDC first learned that Vivitro was

7    distributing marketing materials for its new tester in the summer of 2022.  Weinberg Decl. ¶ 34.

8    While Vivitro has not delivered any of its testers, BDC alleges that Vivitro has "at least one

9    agreement with a customer for sale" of the device.  Compl. ¶ 19.  No facts have been alleged in

10   briefing or during oral arguments that any testers have been shipped yet.  Plaintiff's complaint in this

11   action was filed on April 7, 2023.  A half-day hearing on the Motion was held on August 17, 2023,

12   and the Motion was taken under submission [Dkt. No. 90].

13   **III.   LEGAL STANDARD**

14        "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v.*

15   *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A district court should enter a preliminary

16   injunction only "upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.  When a

17   patentee sues an alleged infringer for patent infringement and moves under 35 U.S.C. § 283 for the

18   extraordinary relief of a preliminary injunction, the patentee's entitlement to such an injunction is a

19   matter largely within the discretion of the district court.  *See Genentech, Inc. v. Novo Nordisk A/S*,

20   108 F.3d 1361, 1364 (Fed. Cir. 1997).  A party seeking a preliminary injunction must establish that:

21   (1) it "is likely to succeed on the merits," (2) it "is likely to suffer irreparable harm in the absence of

22   preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the

23   public interest."  *Winter*, 555 U.S. at 20.  The Ninth Circuit has adopted an alternative sliding scale

24   approach, in which the elements are balanced, "so that a stronger showing of one element may offset

25   a weaker showing of another."  *All. of the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

26   2011).  Specifically, "serious questions going to the merits and a hardship balance that tips sharply

27   towards the plaintiff can support issuance of an injunction, assuming the other two elements of the

28   *Winter* test are also met."  *Id.* at 1132 (interpreting *Winter* and explaining that the "sliding scale" test

1  for preliminary injunctive relief remains valid) (quotations omitted).  A "serious question" is one on

2  which the movant "has a fair chance of success on the merits."  *Sierra On-Line, Inc. v. Phoenix*

3  *Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

4  **IV.   DISCUSSION**

5        **A.  Likelihood of Success on the Merits**

6        "With regard to the first factor—establishing a likelihood of success on the merits—the

7  patentee seeking a preliminary injunction in a patent infringement suit must show that it will likely

8  prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent."

9  *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009); *see also Trebro*

10  *Mfg., Inc. v. Firefly Equipment, LLC*, 748 F.3d 1159, 1166 (Fed. Cir. 2014) (a likelihood of success

11  requires "prov[ing] that success in establishing infringement is more likely than not").  "If the accused

12  infringer raises a substantial question concerning either infringement or validity, then the patentee has

13  not established that it is likely to succeed on the merits, and a preliminary injunction is not

14  appropriate." *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1366 (Fed. Cir. 2013)

15  (quotations omitted).

16        Additionally, when considering the *Winter* factors, a preliminary injunction may only be

17  awarded "upon a clear showing" of evidence that supports each relevant preliminary injunction factor.

18  *Winter*, 555 U.S. at 22. "This 'clear showing' requires factual support beyond the allegations of the

19  complaint, but the evidence need not strictly comply with the Federal Rules of Evidence." *CI Games*

20  *S.A. v. Destination Films*, No. 2:16-CV-05719-SVW (JCx), 2016 WL 9185391, at *11 (C.D. Cal. Oct.

21  25, 2016) (*citing Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)). The

22  "[l]ikelihood of success on the merits is the most important *Winter* factor"; thus, "if a movant fails to

23  meet this threshold inquiry, the court need not consider the other factors … in the absence of serious

24  questions going to the merits." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir.

25  2017) (quotations omitted).

26        Here, substantial questions have been raised concerning infringement, particularly as to

27  whether the "excess volume area" limitation is met in the way that Plaintiff argues.

28

4

### i. Infringement

"Determining literal infringement is a two-step process: the 'proper construction of the asserted claim and a determination whether the claim as properly construed reads on the accused product or method.'" *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012) (*quoting Georgia-Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1330 (Fed. Cir. 1999). Literal infringement requires that "every limitation … in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995).

Infringement analysis begins first with claim construction, followed by an analysis of "the allegedly infringing product to determine whether the product embodies every limitation of the claims." *Biagro W. Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1301 (Fed. Cir. 2005). "To determine likelihood of success on the patent infringement issue, the court may construe disputed claim language as a matter of law." *Sofamor Danek Grp., Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1220 (Fed. Cir. 1996). "The court then determines whether the accused device is likely to fall within the scope of the claims." *Id.*

"Claim terms are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1358 (Fed. Cir. 2016). "The appropriate starting point … is always with the language of the asserted claim itself." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998). For purposes of this Motion, the Court assigns the words of the claims "their ordinary and customary meaning," meaning that "the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2015). "Importantly, the person of ordinary skill in the art is deemed to read the claim term not only in context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Id.* at 1313. The specification is "[u]sually … the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). The parties both argue that plain and ordinary meaning applies to the asserted claim limitations, and the Court applies plain and ordinary meaning here. *See* Motion at 7; *see also* Opp. at 5.

1    BDC and Vivitro disagree about the meaning of key claim terms.  If the meaning of the term

2    is disputed, "the specification and prosecution history can provide relevant information about the

3    scope and meaning of the claim." *Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048,

4    1054 (Fed. Cir. 1994) (quotations omitted).

5        After analyzing the key terms, patent specification, prosecution history, and the totality of

6    evidence presented, the Court finds that substantial questions exist as to the key issue of

7    infringement.  BDC has not shown at this stage it is more likely than not that the accused product has

8    an "excess volume area" that is "in fluid communication with the fluid return chamber…." '935

9    Patent, 17:45–50.  As shown below, Vivitro has raised substantial questions concerning whether its

10   current configuration falls within the '935 Patent, and therefore BDC has not met its burden.

11       BDC alleges that Vivitro infringes all elements of claims 1–4, 8, 9 and 12–13 of the '935

12   Patent.  Motion at 7–10.  For purposes of this Motion, the Court focuses on Claim 1, the only

13   independent claim, as all other claims depend on it.  Claim 1 states in part: "an excess volume area

14   capable of operating at the accelerated pulsed rate, wherein the excess volume area is in fluid

15   communication with the fluid return chamber providing a volume for storing a volume of a test

16   system fluid when the test system fluid is under compression." '935 Patent at 17:45–50.  Plaintiff's

17   position is that Vivitro's device at issue also has "an excess volume area," which consists of "the

18   volume adjacent to the annular compliance rings[1]" "within the fluid return chamber."  Motion at 9.

19       The Court concludes at this stage that substantial questions exist on the issue of whether the

20   extra space *within* the chamber can be the excess volume area, as contemplated and defined in the

21   '935 Patent.  More specifically, the Court finds that Plaintiff has failed to meet its burden on

22   likelihood of success concerning infringement at this stage for at least four reasons.

23       First, the specification outlined in the '935 Patent teaches that to make the system shown in

24   Figs. 1–5B of the '935 Patent, the system needs a "compliance chamber" to hold the excess volume.

25   This suggests that it would be at least a separate space, if not a separate structure altogether.  The

26   specification states in relevant part:

---

[1] In cardiology, "compliance" is the ability of a fluid system to absorb pressure changes.  *See* '935 Patent, 9:11–14.

"**The compliance chambers provide excess volume area for fluid to move into**
when the piston performs a compression stroke.  As the pressure of the gas in the
compliance chamber increases, **the volume occupied by the gas decreases to**
**provide additional volume for displacement of the liquid working fluidly within**
**the test chamber**."

'935 Patent at 12:4–9 (emphasis added).

As Vivitro's system is all connected, it would be inconsistent with the specification.  *See*
*Phillips*, 415 F.3d at 1313 ("the person of ordinary skill in the art is deemed to read the claim term
not only in the context of the particular claim in which the disputed term appears, but in the context
of the entire patent, including the specification.").  There also exists a separate question as to Claim
9 of whether the area inside the "compliance rings" in Defendant's device can fairly be characterized
as a "compliance chamber."  The plain and ordinary meaning of "chamber" suggests that it should
be its own separate area.  The claim requirement that the "excess volume area" is "in fluid
communication with the fluid return chamber" also implies a separate structure.  If it consisted of
simply more space in the chamber, the patent would not need to include the phrase "in fluid
communication with."  The claim language suggests that the excess fluid is going somewhere, and
the specification implies it is the ***chamber*** where the fluid is moving into.

Second, Plaintiff's interpretation is at odds with the position that it took in prior proceedings
before the PTO.  In BDC's preliminary response to an Inter Partes Review (IPR) in 2018 for a
related patent, BDC argued that in a competitor design:

"flexible bags/containers act as compliance, however, unlike compliance chamber
135 of [BDC's patent], the total volume of the channel remains constant.  That is, any
pressure being mitigated would presumably be through **material deformation**—not
by providing a space in addition to the channel to store some of the excess introduced
fluid.  **Therefore**, [the competing design] has **no 'excess volume area'** for storing
fluid in excess of that contained in the channel."

*Waters Technologies Corp. v. Biomedical Device Consultants & Laboratories*, IPR2018-00498,
Patent Owners' Preliminary Response ("Opp., Ex. 7") at 37 (emphasis added) [Dkt. No. 80-7].

1   Stated differently, BDC takes the position that material deformation that provides compliance is ***not***

2   a space for fluid to flow into.  Later, BDC adds that "the pressure to the extent mitigated presumably

3   **is through the deformation of a material**—not by providing a space in addition to the channel for

4   storing excess fluid.  Thus, [the competing design] has **no 'excess volume area' for storing fluid in**

5   **excess to that contained in the channel, as required by claim 1**."  Opp., Ex. 7 at 47 (emphasis

6   added).  BDC's position is inconsistent with its prior interpretations.  "[T]he same claim term in …

7   related patents carries the same construed meaning." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d

8   1314, 1334 (Fed. Cir. 2003).  During the claim construction phase, the parties will have an

9   opportunity to brief the issue in more depth, but at this phase, BDC's prior position raises substantial

10  infringement questions.  Vivitro's disputed device works like the competing design from the IPR

11  proceeding, as its closed "compliance rings" absorb pressure by material deformation.  Reply at 5.

12          Third, Vivitro's disputed device does not include an "excess volume area" "in fluid

13  communication with the return chamber," which is at odds with the claim language.  '935 Patent at

14  17:45–50.  BDC argues that in Vivitro's disputed device, the excess volume area is "the area within

15  the tubes that is occupied by gas when the system is not under compression and is occupied by the

16  excess volume of test fluid when the system is under compression."  Motion at 10.  But examining

17  Vivitro's designs, "the area within the tubes" is a closed chamber. *See* Opp., Ex. 8 [Dkt. No. 88-8].

18  No "fluid communication" exists between the tubes and any other part of the device.  The "fluid

19  communication" requirement of Claim 1 is not met.  BDC further alleges that the excess volume

20  area is "the volume adjacent to the annular compliance rings" when those rings are allegedly

21  compressed.  Motion at 9.  To demonstrate, BDC includes the following illustrations below. *Id.*

22

23

24

25          

26

27

28

1      BDC suggests that the "excess volume area" can be a temporarily available area, which is not

2  supported by the language of Claim 1 or the specification.  In these illustrations, the excess volume

3  area of Vivitro's device only exists when under compression but becomes non-existent when not in

4  compression.  Nothing in the patent suggests that the extra volume area can exist only *temporarily*.

5  BDC's prior position in the IPR proceeding supports this view, as "material deformation" does not

6  meet the excess volume area limitation.  Opp., Ex. 7, at 37, 47.  Vivitro's design uses the material

7  deformation of these closed rings, not the fluid flow into an excess volume area, to provide

8  compliance.  The "volume adjacent to the annular compliance rings" is not an excess volume area

9  and thus raises substantial questions as to infringement of the '935 Patent.  Motion at 9.  Since

10  Plaintiff has not shown that Claim 1 has more likely than not been infringed, the asserted dependent

11  claims 2, 3, 4, 8, 9, 12, and 13 are also not likely to have been infringed.  *Wahpeton Canvas Co. v.*

12  *Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent

13  claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim").

14      And fourth, Claim 9 (a dependent claim of Claim 1) raises substantial questions about BDC's

15  theory as to what "excess volume area" means under the doctrine of claim differentiation.  This

16  doctrine applies a presumption of difference in meaning and scope when different words or phrases

17  are used in separate claims.  *See Comark Commc'ns, Inc.*, 156 F.3d at 1187 (invoking doctrine to

18  support claim construction; although "the doctrine of claim differentiation is not a hard and fast rule

19  of construction, it does create a presumption that each claim in a patent has a different scope").

20  Here, this doctrine is appropriate to apply given that Claim 9 contemplates new features that

21  alternative interpretation would render moot.  Claim 9 states in relevant part: "The device of claim 1,

22  where in the excess volume area comprises a compliance chamber defining **a cavity within the fluid**

23  **return chamber.**"  '935 Patent at 18:29–32 (emphasis added).  If BDC's interpretation of "excess

24  volume area" in Claim 1 always contemplated "within the fluid return chamber," then Claim 9

25  would not add anything.  *See* Motion at 9.

26      "To show literal infringement of a patent, a patentee must supply sufficient evidence to prove

27  that the accused product or process meets every element or limitation of a claim." *Rohm & Haas Co.*

28  *v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997).  While BDC may be able to prove this in

1  further proceedings, substantial questions have been raised at this point to justify a denial of

2  Plaintiff's motion for preliminary injunction.  The plain and ordinary meaning of "excess volume

3  area," as used in Claim 1 and as supported by the teachings of the specification, is a compliance

4  chamber that is *separate* and *needs to be fluidly connected*.  Plaintiffs may prevail during claim

5  construction proceedings in the future, where the Court can more closely examine briefing around

6  the prosecution history of the patent, the Inter Partes Review (IPR) proceedings, and extrinsic

7  evidence to discern the patent's meaning.  But based on the existing record, the Court finds that

8  substantial questions have been raised as to whether Plaintiff's patent was infringed by Defendant.

9              **ii.  Validity**

10  "Vulnerability is the issue at the preliminary injunction stage," not whether the patent is

11  invalid by the clear and convincing evidence standard that will be used at trial.  *Amazon.com, Inc. v.

12  Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359 (Fed. Cir. 2001).  If there are "substantial questions

13  as to the validity" of the asserted patents, then "the necessary prerequisites for entry of a preliminary

14  injunction" have not been satisfied even if the patentee has established a likelihood of success on the

15  issue of infringement.  *Amazon.com, Inc.*, 239 F.3d at 1366.  The Court "does not resolve the validity

16  question" at this stage, but instead "assess[es] … the persuasiveness of the challenger's evidence,"

17  recognizing that it is a preliminary stage.  *Titan Tire Corp.*, 566 F.3d at 1377 (quotations omitted).

18  "Instead of the alleged infringer having to persuade the trial court that the patent is invalid, at this

19  stage it is the patentee, the movant, who must persuade the court that, despite the challenge

20  presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue."  *Id.*

21  Here, Vivitro has presented evidence of invalidity, and BDC has not demonstrated at this point that

22  Vivitro's assertions lack substantial merit.

23  Patents can be invalid over the prior art by being either anticipated or obvious.  A claim is

24  anticipated where "each and every [limitation] is found within a single prior art reference.  *Biogen

25  MA Inc. v. EMD Serono, Inc.*, 976 F.3d 1326, 1331 (Fed. Cir. 2020).  A patent is obvious if "the

26  differences between the claimed invention and the prior art are such that the claimed invention as a

27  whole would have been obvious at the time the invention was made to a person having ordinary skill

28  in the art.…"  35 U.S.C. § 103.

Examining the prior art, the Court finds a substantial question concerning whether the prior art included "excess volume areas" to absorb pressure changes in accelerated test systems, raising substantial concerns that the '935 Patent is invalid. First, the Dynatek M6 user manual published in 1993 appears to include an annotated figure with an "excess volume area" that is described as a "capacitance tank." Opp., Exh. 5, Fig. 1A ("Dynatek") [Dkt. No. 80-5].



Dr. Dasi's declaration supports the view that Dynatek discloses every element of Claim 1 and thus anticipates Claim 1 and other dependent claims. Dasi Declaration ("Dasi Decl.") ¶ 59.

Vivitro also points to another patent, the Xi patent from 1997, that includes an "air chamber" placed downstream of the device being tested, where "liquid flows from the test chamber into the air chamber" during operation." Opp., Ex. 3 at 5 ("Xi patent") [Dkt. No. 80-3]. Together with Dynatek, Vivitro asserts that "the '935 Patent claims are all obvious variations on Dynatek and Xi, and so all the asserted claims are invalid as obvious." Opp. at 12; *see also* Dasi Decl. ¶ 45.

BDC argues that Xi and Dynatek do not anticipate the '935 Patent, arguing that Xi's "piston" and Dynatek's "see-saw" are "completely different" from the '935 Patent, even presenting video reproductions at oral arguments to demonstrate how the different devices deal with fluid and pressure. But the '935 Patent does not specify the "pressure source" that moves the fluid, so substantial doubt remains as to validity based on the plain language of the patent. '935 Patent at 17:31. Similar doubts remain for the concept of obviousness, and the Court will benefit from future

briefing to determine whether the teachings of Xi, Dynatek, and Lu could have been combined.

**V.  CONCLUSION**

In summary, BDC has failed to show a likelihood of success on the merits in terms of infringement, and Vivitro has raised additional (and substantial) questions regarding the validity of Plaintiff's underlying patent.  For all of these reasons, Plaintiff's motion is denied.[2]

**IT IS SO ORDERED.**

Dated:    August 29, 2023

_____

Hernán D. Vera
United States District Judge

---

[2] The parties have presented extensive evidence and briefing on the questions of irreparable harm and the balance of equities.  After reviewing, the Court finds that "hardship balance" does not "tip[] sharply toward the plaintiff" and thus does not support the issuance of an injunction, even under the Ninth Circuit's sliding scale approach.  *All. for the Wild Rockies*, 632 F.3d at 1132.  Because the Court has concluded that Plaintiff failed to meet its burden to show a likelihood of success on the issues of infringement and validity, the Court need not discuss the merits of these latter arguments, as they would not change the outcome.